Dear Mr. Karns:
You have requested an opinion of the Attorney General regarding the proper interpretation of a "qualifying Louisiana investment" as that term appears in R.S. 22:1068 (C). You specifically ask whether the following investments fall within the definition contained in Section 1068 (C):
1. A certificate of deposit issued by a bank chartered in a state other than Louisiana if that bank is a wholly owned subsidiary of a Louisiana domiciled financial institution.
2. Stock of a non-Louisiana corporation, where such corporation is owned by a holding company domiciled in Louisiana.
Section 1068 (C)(a) and (f) are applicable to your question and provide as follows:
"C. For the purposes of this Part, `a qualifying Louisiana investment' is hereby defined as:
 (a) Certificates of deposit issued by any bank or savings and loan association domiciled in this state, or certificates of deposit issued by any limited function financial institution domiciled in this state;
 * * *
 (f) Common or preferred stock in corporations domiciled in this state;" [Emphasis added.]
As can be gleaned from the above, in order for certificates of deposit to qualify, they must be issued by the named financial institutions domiciled in Louisiana. Since the financial institution set forth in your first example is not domiciled within this state, it would not qualify under Section 1068 (C)(a).
Similarly, the stock of a non-Louisiana corporation does not constitute common or preferred stock in corporations domiciled in this state. Accordingly, it would not qualify as a permissible investment under Section 1068 (C)(f).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General RPI/Rob, III/cla